E-FILED
Thursday, 08 April, 2010  01:24:03 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| PAULA FARLIN, | ) |
| Plaintiff, | ) |
| v. | ) Case No.  08-cv-1194 |
| THE LIBRARY STORE, INC., an Illinois corporation, | ) |
| Defendant. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Fourth Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).  (Doc. 56).  Plaintiff has responded in opposition to this Motion.  (Doc. 58 & 59).  For the reasons stated below, Defendant's Motion to Dismiss is granted in part and denied in part.

The background of this case is fully set forth in the Court's January 25, 2010 Order & Opinion.  (Doc. 54 at 1-3).  That Order dismissed Plaintiff's Third Amended Complaint, but granted Plaintiff leave to submit a Fourth Amended Complaint that cured the pleading deficiencies of Plaintiff's claim for sex discrimination in violation of Title VII and that omitted Plaintiff's claim for retaliation under the ADA. Plaintiff's Fourth Amended Complaint amends her claim for sex discrimination and recasts her retaliation claim as a state law wrongful termination claim.

## LEGAL STANDARD

"In ruling on Rule 12(b)(6) motions, the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. Dec. 21, 2009) (*citing Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir.2008)). To survive a motion to dismiss under 12(b)(6), a plaintiff's complaint must "plead some facts that suggest a right to relief that is beyond the 'speculative level.'" *EEOC v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-63 (2007)). Though detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 547. "The complaint must contain 'enough facts to state a claim to relief that is plausible on its face' and also must state sufficient facts to raise a plaintiff's right to relief above the speculative level." *Bissessur v. Indiana University Bd. of Trustees*, 581 F.3d 599, 602 (7th Cir. 2009) (*quoting Twombly*, 550 U.S. at 557; *Tamayo*, 526 F.3d at 1084). "A claim has facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (*quoting Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).[1]

---

[1] Plaintiff cites to many cases reiterating the pre-*Twombly*/*Iqubal* pleading standard, that "a complaint should not be dismissed unless there is no set of facts alleged upon which relief can be granted." (Doc. 59 at 4) (*quoting, inter alia, Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). This standard is no longer applicable to Rule 12(b)(6), but has been replaced by the "plausibility" standard of these more recent cases. *Tamayo*, 526 F.3d at 1082 ("[*Twombly*] expressly disavowed the oft-quoted *Conley* standard that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (citations omitted)).

2

## COUNT I: SEX DISCRIMINATION

As did her Third Amended Complaint, Plaintiff's Fourth Amended Complaint claims that Defendant discriminated against her on the basis of her sex when it hired a male for a warehouse job she had applied for, though she was qualified for the position and had been in Defendant's employ for six years, while the male was new to the company. As before, her response to Defendant's Motion to Dismiss proceeds under the indirect method of proof, under which an employment discrimination plaintiff "must establish a prima facie case of discrimination by presenting evidence that: (1) she is a member of a protected class, (2) her job performance was meeting her employer's legitimate expectations, (3) she was subject to a materially adverse employment action, and (4) the employer treated similarly situated employees outside the protected class more favorably." *Winsley v. Cook County*, 563 F.3d 598, 604 (7th Cir. 2009).

The Court dismissed Plaintiff's Third Amended Complaint, as she had not alleged that she was "similarly situated" to the male employee she proferred as a comparator, and had not alleged sufficient facts for the Court to plausibly make such an inference. (Doc. 54 at 6-7). The Court relied on *Tamayo v. Blagojevich*, in which the Seventh Circuit found that the plaintiff had stated a claim for sex discrimination where she alleged "facts as to her own salary as Administrator of the Board, the salaries of previous males who had held the same job, and by specifically alleging that the defendants treated her differently from 'similarly situated male employees.'" (Doc. 54 at 6 (*citing* 526 F.3d 1074, 1075 (7th Cir. 2008))). Plaintiff

failed even to specifically allege that the proffered comparator was similarly situated, so the Court granted her leave to amend her Complaint.

The Court finds that Plaintiff's Fourth Amended Complaint, though the facts alleged in it are only minimally more than those of the Third Amended Complaint, has reached the level of plausibility as to Plaintiff's sex discrimination claim, as it now alleges that the proffered comparator was similarly situated to Plaintiff. In *Swierkiewicz v. Sorema N. A.*, the Supreme Court held that "a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a prima facie case of discrimination." 534 U.S. 506, 508 (2002). *See also Twombly*, 550 U.S. at 547 (*Twombly's* "analysis does not run counter to *Swierkiewicz*…. Here, the Court is not requiring heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."). The *Tamayo* plaintiff's allegations regarding her and the comparators' salaries were particularly relevant there to the finding that the comparators were similarly situated, where the plaintiff alleged that she was paid less than men who had held the same job - not that she was not hired at all. Here, such details are not as important, as the allegedly discriminatory treatment was Defendant's failure to hire Plaintiff for the warehouse position; Plaintiff has alleged that the proffered comparator was hired, while she was not. Further factual allegations are not as important in this case as in *Tamayo*; now that Plaintiff has alleged that the proferred comparator was similarly situated to her, she has met the standard. The Fourth Amended Complaint, like the *Tamayo* plaintiff's complaint, now gives Defendant sufficient

notice of what Plaintiff's claim is, and, drawing all inferences in Plaintiff's favor, the Court finds that her claim to relief is plausible.[2]

Plaintiff has alleged sufficient facts to raise her claim of sex discrimination to the level of plausibility, and so Defendant's Motion to Dismiss must be denied with respect to the sex discrimination claim. The Court notes that this decision does not preclude Defendant's ability to attack Plaintiff's prima facie case at the summary judgment stage.

### COUNT II: COMMON LAW WRONGFUL TERMINATION

In both her Third and Fourth Amended Complaints, Plaintiff alleges that Defendant retaliated against her for her friendship with Cynthia Springer, whom Plaintiff believed was discriminated against by Defendant because she had cancer. Prior to the Fourth Amended Complaint, and in her Response to Defendant's Motion to Dismiss, Plaintiff asserted that this claim arose under the ADA. The Court dismissed Plaintiff's ADA retaliation claim from her Third Amended Complaint without leave to amend because her EEOC charge did not adequately raise the issue of ADA retaliation before the agency; the charges made to the EEOC limit the scope of later judicial proceedings on those claims under federal anti-discrimination laws.

Recognizing the Court's final dismissal of her ADA retaliation claim, Plaintiff now recasts the same facts as a claim under Illinois' common law of wrongful

---

[2] In her Fourth Amended Complaint, Plaintiff makes much of her greater experience and tenure with Defendant, but Title VII does not require employers to make employment decisions based on seniority. *See, e.g., Hall v. Forest River, Inc.*, 536 F.3d 615, 620 (7th Cir. 2008).

termination.³ In Illinois, a "plaintiff states a valid claim for retaliatory discharge only if she alleges that she was (1) discharged; (2) in retaliation for her activities; and (3) that the discharge violates a clear mandate of public policy." *Hinthorn v. Roland's of Bloomington, Inc.*, 519 N.E.2d 909, 911 (Ill. 1988) (*citing Barr v. Kelso-Burnett Co.*, 478 N.E.2d 1354, 1358 (Ill. 1985)). Defendant argues that Plaintiff's allegations fail to state a claim under this new legal theory, as no Illinois public policy was violated and as Plaintiff was not actually discharged by Defendant.

The Illinois common law tort of retaliatory discharge requires that the plaintiff actually have been discharged by the employer; constructive discharge is not sufficient. *Hartlein v. Illinois Power Co.*, 601 N.E.2d 720, 730 (Ill. 1992). Plaintiff cites to *Hinthorn v. Roland's of Bloomington*, an Illinois Supreme Court case, to argue that she was actually discharged, not constructively discharged. 519 N.E.2d at 912. In *Hinthorn*, the Illinois Supreme Court found that the plaintiff had been actually discharged, not just constructively discharged, where her employer

---

³ Defendant argues that the Court did not grant Plaintiff leave to file an additional cause of action in its January 25, 2010 Order & Opinion. (Doc. 57 at 6). Plaintiff was denied leave to re-plead her retaliation claim under the ADA, as such amendment would be futile. However, the Court did not bar Plaintiff from changing the legal theory under which she made her factual claim to relief, as federal court plaintiffs need not allege a particular legal theory to underpin their claim to relief. *See*, *e.g.*, *McDonald v. Household Intern., Inc.*, 425 F.3d 424, 427 (7th Cir. 2005). If the facts underlying Plaintiff's second count of the Third Amended Complaint are cognizable under a theory of common law wrongful termination, she has not added a new claim by changing the theory, as a federal court claim is based on facts giving rise to a claim for relief, not on matching facts to a particular legal theory. *See Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992). Indeed, if Plaintiff had, in her response to Defendant's Motion to Dismiss the Third Amended Complaint, identified the instant wrongful termination theory to the Court, the Court would have performed the same analysis at that time that it undertakes now; the fact that Count I purported to be based on the ADA does not mean that it could not survive under another theory. *Id.* ("specifying an incorrect theory [in the complaint] is not fatal").

6

instructed her to seek other employment, and directed her to sign a "Voluntary Resignation" form. *Id.* at 911. The court found that these actions "could certainly be understood as a discharge." *Id.* at 912. The *Hinthorn* court distinguished the case from *Scheller v. Health Care Service Corp.*, in which a plaintiff failed to state a claim for retaliatory discharge where she "alleged she had been severely harassed by her employer, and that this harassment caused her to resign." *Id.* at 911 (*citing Scheller v. Health Care Service Corp.*, 485 N.E.2d 26 (Ill. 1985)). Actual discharge occurred in *Hinthorn* where the "plaintiff did not claim that she was driven by the employer's actions to voluntarily resign, but that she resigned *involuntarily* only because she was explicitly directed to do so by her employer. *Id.* (emphasis in original).

Plaintiff claims that her case is the same as the *Hinthorn* case, as Don Gunter's alleged statement to her, that she and her family "are through," amounted to an actual discharge, not just constructive discharge.[4] The Court disagrees. The statement by Don Gunter alleged in paragraph 40 of the Fourth Amended Complaint was not an "explicit direction" for her to resign, unlike the employer's instruction in *Hinthorn* that the employee seek another job and sign a resignation form. It is more properly classified as "severe harassment" under *Scheller*, rather than an instruction to resign under *Hinthorn*. Gunter's statement cannot be understood as "clearly and unequivocally" informing Plaintiff that she had been

---

[4] Plaintiff's claim for retaliatory discharge alleges that Defendant was motivated to discharge her because she had opposed disability discrimination against a co-worker. However, Gunter's alleged statement apparently occurred in the context of Plaintiff complaining to him about his treatment of female employees, not about his treatment of the allegedly disabled co-worker. (Doc. 55 at ¶¶ 37, 40).

7

involuntarily terminated. Indeed, Plaintiff's Fourth Amended Complaint alleges that she "turned in her letter of resignation because of the hostile work environment and because of Don Gunter's threats to plaintiff and her family," not because Gunter informed her in any fashion that she was being terminated. (Doc. 55 at ¶ 41).

Because Plaintiff was not actually discharged by Defendant, she has failed to state a claim upon which relief can be granted for her claim of common law wrongful termination, and so the allegations of Count II are dismissed.[5]

## CONCLUSION

Defendant's Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. 56) is DENIED IN PART and GRANTED IN PART. Plaintiff's Count I, her sex discrimination claim, may stand as pled, but her Count II, alleging wrongful termination, is dismissed.

IT IS SO ORDERED.

Entered this 8th day of April, 2010.

                                                        s/ Joe B. McDade
                                                        JOE BILLY McDADE
                                                      United States Senior District Judge

---

[5] Further, the Court notes that, because the ADA adequately protects against retaliation because a person has "opposed [disability discrimination] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" on allegations of disability discrimination, it appears that the common law retaliatory discharge is not available to Plaintiff. 42 U.S.C. § 122203(a); *Siddiqi v. Westaff, Inc.*, 06-cv-0961, 2008 WL 1744420, *1 (S.D. Ill., Apr. 11, 2008) (*citing Jacobson v. Knepper & Moga, P.C.*, 706 N.E.2d 491, 493 (Ill. 1998)) ("Title VII specifically and adequately addresses claims of retaliatory discharge. Therefore, Plaintiff could not maintain a claim of retaliatory discharge under Illinois law.").